ALLEN, J.
The employer and servicing agent appeal a workers’ compensation order by which the claimant was awarded temporary disability benefits based upon the $20 per week minimum compensation rate referenced in section 440.12(2), Florida Statutes. As the appellants contend, this provision of the statute should not have been applied and the claimant should not have been awarded compensation, in that she was a volunteer without wages or any other earnings.
The claimant sought benefits upon an industrial injury which she sustained while working for the employer as an unpaid volunteer. The employer did not contest compensability, and provided the claimant with medical care. A claim was made for temporary disability compensation, with the claimant asserting that her wages might be based on earnings which she expected to obtain in other post-injury employment. Alternatively, the claimant maintained that the award might be made at the $20 per week minimum compensation rate referenced in section 440.12(2).
The judge properly declined to use the claimant’s anticipated post-injury earnings to compute her average weekly wage, but compensation for temporary disability was nevertheless awarded at the minimum rate provided in section 440.12(2). However, the temporary disability award under section 440.15, Florida Statutes, pertains to compensation for disability, with disability being defined at section 440.02(13), Florida Statutes, as an incapacity “to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” Because the claimant here was receiving no wages in any employment, there was no basis for an award of compensation for disability.
Although volunteers working for governmental entities are treated as covered employees pursuant to section 440.02(15)(d)6, Florida Statutes, in order to obtain an award of compensation for disability such workers must have some earnings upon which the award may be based. Here, the claimant had no earnings in her covered work or any other *669 employment either at the time of, or for the thirteen weeks immediately preceding, the occurrence of her injury. She thus did not have an average weekly wage as delineated in section 440.14, Florida Statutes. The judge recognized this in awarding compensation at the minimum rate under section 440.12(2), but this subsection provides in relevant part that:
Compensation for disability ... shall not be less than $20 per week. However, if the employee’s wages at the time of injury are less than $20 per week, he or she shall receive his or her full weekly wages.
Accordingly, the award at the $20 minimum weekly rate was improper because the claimant did not have a disability as statutorily defined, and because her wages were less than $20 per week so that under the above-quoted statutory language she is entitled to only her full weekly wages. Having no wages, she did not qualify for an award of disability compensation.
The appealed order is reversed, and the case is remanded.
WOLF and BENTON, JJ„ concur.